THEODORE LUCZAK
Reg No:#B-00780
Pontiac Correctional Center
700 West. Lincoln ST./P.O. Box 99
Pontiac, Illinois 61764


August 04, 2005.


NANCY MAYER
CLERK OF THE COURT
UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA
333 Constitution Ave. N.W.,
Washington, DC 20001

05- 01253

**RECEIVED**

AUG - 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re: **Additional Information / Exhibits**


**Dear Mrs/Miss, Mayer:**

I am writing you this letter, in which to inform you that the officials at this facility are threatening me with physical harm if I should declare a hunger strike.

I am requesting that you submit the enclosed documents to both of my previous proceeding that have recently been filed in this Honorable Court.

Additionally; I am requesting that you inform the court in that the United States District Court for the Centeral District of Illinois; has failed to comply with the Transfer Order entered by this court in **Luczak v. Gonzalaze**, 05 1253.

I thank you for your time and consideration in this matter, and I pray that you may be of some assistance in my request.

Respectfully Submitted

*Theodore Luczak*

Theodore Luczak **Pro-Se;**

x.c./filed
T.L./t.l.
x.c./encl



**Illinois**
Department of
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

Pontiac Correctional Center / 700 W. Lincoln Street / P.O. Box 99 / Pontiac, IL  61764 / Telephone: (815) 842-2816 / TDD: (800) 526-0844

## M E M O R A N D U M

DATE:        July 25, 2005

TO:          Theodore Luczak

             B00780  SP 150

FROM:        Guy D. Pierce
             Warden

SUBJECT:     Correspondence to Deputy Director Orr


Your recent letter to Deputy Director Orr has been forwarded to me for review and a response.

In your letter you refer to an ongoing problem at Pontiac Correctional Center.  You indicate this ongoing problem forces you to declare a hunger strike, which leads to the temporary confiscation of your legal documents, which prevents you from pursuing your pending legal actions.

However, since you have failed to describe what the ongoing problem is, I am unable to provide any substantive response to your concerns.  I therefore urge you to utilize the Department's grievance procedures to seek redress of your concerns and to carefully consider the potential detriment to your pending legal actions should you declare a hunger strike.

I trust this is responsive to the concerns you expressed in your letter.

GDP: prp

xc:     Master File
        File

**TO:** Guy D. Pierce
Chief Administrative Officer

**FROM:** Theodore Luczak Reg No:#B-00780
South P.C. Unit Cell #150

**Subject:** Hunger Strike

July 06, 2005.

Dear Mr. Pierce:

Please be advised, that in the past; I have been threatened with the confiscation of my personal property and legal documents, if I should ellect to declare a Hunger Strike.

It is my absolute right to declare a hunger strike, if the officials have violated my constitutional rights, and thay have no right to confiscate my personal property or legal documents.

On this date, I am submitting a letter to the Chief Judge Honorable Joe B. McDade, of the United States District Court, Central District of Illinois; in which now is pending an **Ex Parte Motion for a Temporary Restraining Order,** and inform him that this facilty will subject me to disciplinary actions for declaring a hunger strike.

Reasons for hunger strike:

**(1)** Imminent Danger Caused By Staff
**(2)** Denial of Adequate Access To Courts
**(3)** Denial of Adequate Medical Treatment
**(4)** Subjection To Cruel and Unusual Punishment
**(5)** Denial of Equal Protection Rights
**(6)** Denial of Due Process Rights

There is no **Rule; Administrative Directive,** or **Administrative Code,** that supports the actions of the officials confiscating my personal property, or my legal documents because I so chose to declare a hunger strike due to the conditions of my confinement.

I thank you for your time and consideration in this matter, and I pray that you may be of some assistance in my request.



RECEIVED

JUL 08 2005

OFFICE OF
INMATE ISSUES

Page 1 of 2.

Sincerly Yours

*Theodore Luczak*

Theodore Luczak
Reg No:#B-00780


**x.c./filed.**
**T.L./t.l.**
**x.c./to:** Joe B. McDade
           Roger E. Walker
           Rick Orr
           Nancy Mayer Washington Clerk


RECEIVED

JUL 0 8 2005

OFFICE OF
INMATE ISSUES

Page 2. of 2.

Theodore Luczak
Reg No:#B-00780
Pontiac Correctional Center
700 West. St./P.O. Box 99
Pontiac, Illinois 61764

July 06, 2005.

Honorable JOE B. McDADE
CHIEF JUDGE OF THE
UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
100 N.E. monroe Street
309 Federal Building
Peoria, Illinois 61602

Re: **Transfer Order**
   **U.S. District Court for Columbia**
   **Civil Action No. 05 1253**

**Dear Honorable McDade:**

I am writing you this letter; Ex Partee-Communication, in
which to request a status on the transfer order entered by the U.S.
District Court of Columbia. **|See Attached Order|**.

Secondly; I am writing you about the imminent danger that
I am now facing at this facility, as I being threatened with the
confiscation of my legal document and other personal propert; if
I should chose to declare a hunger strike because of the conditions
of my confinement.

At this present time, I am litigation a motion to allow **DNA
Testing** on my criminal conviction and thereafter file an actual inn-
ocent claim, but if the officials are allowed to illegaly confiscate
my legal documents, I will not be in aid of the documents that are
needed to support my claims.

At this time, I am requesting that you or any other judge;
other than Harold A. Baker, entertain my Ex Parte Motion For Temp-
orary Restraining Order, as judge Baker has demonstrated **Bias or
Prejudice**, and I would only file a motion to substitute judges
pursuant to **28 USCA §144.** supported by **Berger v. United States,** 41
S.Ct. 230.

I thank you for your time and consideration in this matter,
and I further pray that you may be of some assistance in my request.



RECEIVED

JUL 08 2005

OFFICE OF
INMATE ISSUES

Page 1 of 2.

Sincerly Yours

Theodore Luczak
Reg No:#B-00780

**x.c.filed.**
**T.L./t.l.**
**x.c./to:** Guy D. Pierce
Pontiac Correctional Center's
Chief Administrative Officer

RECEIVED

JUL 1 1 2005

OFFICE OF
INMATE ISSUES

FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUN 2 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

THEODORE LUCZAK,                    )
                                    )
            Petitioner,             )
                                    )
     v.                             )        Civil Action No.    05 1253
                                    )
ROBERTO GUNZALAZE, *et al.*,        )
                                    )
            Respondents.            )

**TRANSFER ORDER**

This matter is before the Court on petitioner's Petition for Writ of Mandamus and Petition

for Leave to File *Ex Parte* Motion for Temporary Restraining Order. Petitioner states that he

currently is confined at the Pontiac Correctional Center in Pontiac, Illinois and that he is indigent.

He filed a civil action in the United States District Court for the Central District of Illinois, and

that case was dismissed under 28 U.S.C. § 1915(g). Evidently, petitioner has accumulated

"three strikes" under Sec. 1915(g), such that, absent a showing that he is in imminent danger, he

was not allowed to proceed without prepayment of costs. Petitioner now seeks a writ of

mandamus "[t]o further ensure that the United States District Court, Central District of Illinois

applies the correct interpretation to Title 28 U.S.C. §§1915(g) and 1915(b)(4)." He also seeks

leave to file an *ex parte* motion for a temporary restraining order with respect to his claims under

the First and Eighth Amendments to the United States Constitution for the alleged denial of

access to the courts and to adequate medical treatment.

Under 28 U.S.C. § 1404(a), a court may transfer a case to any other district where it might

have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." In

RECEIVED

JUL 0 8 2005

OFFICE OF
INMATE ISSUES

1

considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of
> access to sources of proof; availability of compulsory processes to
> compel the attendance of unwilling witnesses; the amount of expense
> for the willing witnesses; the relative congestion of the calendars of
> potential transferor and transferee courts; and other practical aspects
> of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F.Supp. 461, 463 (D.D.C. 1978).  Even though a court typically

should give deference to a claimant's choice of forum, it need give substantially less deference

when the preferred forum is not his home forum.  *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56

(1981); *Boers v. United States*, 133 F.Supp.2d 64, 65 (D.D.C. 2001).

Petitioner generally is challenging the action, or inaction, of state correctional officers in

Illinois.  All the respondents and possible witnesses in this case would likely be in Illinois where

petitioner currently is confined.  The District of Columbia has no apparent connection to this case

aside from being the capital of the United States.  *See Boers*, 133 F.Supp.2d at 66.  Therefore, in

the interests of justice, and given the apparent urgency of petitioner's claims, this action will be

transferred forthwith.  Resolution of petitioner's application to proceed *in forma pauperis* and any

pending motions is left to the transferee court.

Accordingly, it is hereby

**ORDERED** that this action is **TRANSFERRED FORTHWITH** to the United States

District Court for the Central District of Illinois.

SO ORDERED.

DATE: 6/16/05

United States District Judge

RECEIVED

JUL 0 8 2005

OFFICE OF
INMATE ISSUES

2